Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| EPIFANIO MULERO SERRANO; ÁNGELA MULERO SERRANO; ADELAIDA MULERO SERRANO Y OTROS<br><br>Peticionarios<br><br>v.<br><br>LYDIA MULERO SERRANO<br><br>Recurrida | KLCE202500192 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso núm.: BY2024RF00185<br><br>Sobre: Alimentos entre parientes (ascendientes, descendientes, cónyuges) |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez

**Figueroa Cabán, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de marzo de 2025.

Comparece Edwin Mulero Serrano, en adelante señor Mulero Serrano o peticionario, y solicita que revoquemos la *Resolución Interlocutoria* que emitió el Tribunal de Primera Instancia, Sala de Bayamón, en adelante TPI. Mediante dicho dictamen se declaró No Ha Lugar la solicitud de reconsideración que presentó la parte peticionaria.

Por los fundamentos que expondremos a continuación, se desestima el recurso de *certiorari* por incumplimiento craso con el Reglamento del Tribunal de Apelaciones.[1]

-I-

En el contexto de un pleito de alimentos entre parientes, el TPI emitió una *Resolución Interlocutoria*

---

[1] 4 LPRA Ap. XXII-B.

en la que declaró "No ha lugar" una moción de reconsideración presentada por la parte peticionaria.

Inconforme, el señor Mulero Serrano acudió ante nos y solicitó la revocación del dictamen.

Ahora bien, al examinar el recurso ante nuestra consideración advertimos que este incumplió con varias de las normas básicas del Reglamento del Tribunal de Apelaciones, *supra*, lo que impide su perfeccionamiento y posterior adjudicación. Veamos.

Primero, en el Apéndice no se incluyó copia de la *Resolución Interlocutoria* necesaria para acreditar la interrupción del término para presentar la solicitud de *certiorari*.[2]

Segundo, tampoco se incluyó copia de la solicitud de relevo de sentencia, lo que permite a este tribunal intermedio determinar si la petición es oportuna y meritoria.[3] Como consecuencia de lo anterior, este Foro no pudo determinar si ostenta jurisdicción sobre el recurso de epígrafe.

Sin embargo, esto, en última instancia, resultó innecesario porque la representación legal del peticionario admitió que presentó el recurso tardíamente. Invocó, como fundamento para la inobservancia del término de cumplimiento estricto, que "durante la fecha del 24 de febrero de 2025 se produjo un apagón en el término municipal de Bayamón – particularmente, en el área de Santa Rosa (lugar donde se halla la oficina del abogado suscribiente)- que duró varias horas".[4]

---

[2] Regla 34 (E) (1) (c) del Reglamento del Tribunal de Apelaciones, *supra*.
[3] Regla 34 (E) (1) (d) del Reglamento del Tribunal de Apelaciones, *supra*.
[4] Véase, *Moción Informativa* en el expediente.

**-II-**

**A.**

Acatar cada una de las disposiciones reglamentarias bajo el Derecho Procesal Apelativo es ineludible y, por consiguiente, su cumplimiento no es discrecional.[5] De esta manera se garantiza que los tribunales apelativos cuenten con un expediente completo del caso y estén en mejor posición para resolver la controversia ante sí.[6]

Por tal razón, el Tribunal Supremo de Puerto Rico resolvió:

> La marcha ordenada y efectiva de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico. Como axioma de ese principio, es una norma conocida por toda la profesión legal en Puerto Rico que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. En ese sentido, las normas que rigen el perfeccionamiento de todos los recursos apelativos deben observarse rigurosamente.[7]

**B.**

Finalmente, la Regla 83 (B) y (C) del Reglamento del Tribunal de Apelaciones dispone que:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
>
> […]
>
> **(2) que no se ha presentado o proseguido con diligencia o de buena fe;**
> […]
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.[8]

---

[5] F. R. Figueroa Cabán, *Errores en la Práctica Apelativa que Acarrean Sanciones Disciplinarias y Estrategias para Evitarlos*, 87 (Núm. 211) Rev. Jur. UPR 212, 220 (2018).
[6] *Id*.
[7] *Id*. (citando a *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013)).
[8] (Énfasis suplido). Regla 83 (B) y (C) del del Reglamento del Tribunal de Apelaciones, *supra*.

**-III-**

Los defectos previamente mencionados son suficientes para impedir la revisión judicial del recurso ante nuestra consideración.

Pero hay otra razón adicional para desestimar el recurso. Ante el hecho incuestionable de que el recurso se presentó tardíamente, la justificación provista por la representación legal de los peticionarios no constituye justa causa para la tardanza.[9]

Bajo dicho escenario, no nos queda duda de que el presente recurso no se ha proseguido con diligencia, por lo cual, procede la desestimación del auto de *certiorari* ante nuestra consideración.

**-IV-**

Por los fundamentos antes expuestos, se desestima el recurso de *certiorari* por no haberse perfeccionado conforme a derecho.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

                                        Lcda. Lilia M. Oquendo Solís
                                   Secretaria del Tribunal de Apelaciones

---

[9] *Soto Pino* v. *Radio Uno Group*, *supra*.